UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT C. HUGHES,

    Counter-Claimant,

v.                                   Case No. 8:25-cv-283-VMC-CPT

Wells Fargo Bank N.A.,

    Counter-Defendant.
_____/

**ORDER**

This cause comes before the Court upon consideration of Wells Fargo Bank, N.A.'s Motion for Remand (Doc. # 6), filed on February 18, 2025. Robert C. Hughes responded in opposition on February 24, 2025. (Doc. # 13). For the reasons that follow, the Motion is granted and this case is remanded to the Twelfth Judicial Circuit, in and for Manatee County, Florida.

**Discussion**

This mortgage foreclosure action was removed to this Court from the Twelfth Judicial Circuit, in and for Manatee County, Florida on February 4, 2025. (Doc. # 1). The basis for removal is unclear as the filing does not contain a notice of removal, state court docket sheet, or civil cover sheet. (Id.). Per the docket entry's text, counsel was "notified to

1

refile with correct documents." (Id.). To date, the correct documents have not been filed. Nevertheless, removal is untimely and improper.

By way of background, this action was previously removed to this Court and remanded to state court twice in 2014. The first time it was assigned case number 8:14-cv-559-JDW-EAJ and was remanded by Judge James Whittemore for the following reasons:

> [T]his case was not removed within "30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading." 28 U.S.C. § 1446(b)(3). Moreover, the case was not removed within one year after commencement of the action, 28 U.S.C. § 1446(c), all Defendants did not join in or consent to removal, 28 U.S.C. § 1446(b)(2)(A), and the Fifth Amended Mortgage Foreclosure Complaint does not reflect a claim arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331, 1441(c)(A).

Wells Fargo Bank, N.A., v. The Unknown Heirs, et al., Case No. 8:14-cv-559-JDW-EAJ, (Doc. # 6) (M.D. Fla. March 17, 2014). The second time it was assigned case number 8:14-cv-2217-CEH-EAJ. Judge Charlene Edwards Honeywell again remanded the action to state court because "[a]ll of the same defects that existed in the first removal still exist[ed]. In fact, the majority of the defects cannot be cured – the opportunity to timely remove the action has passed and cannot be revived."

2

<u>Wells Fargo Bank, N.A., v. CBA Inv, et al.</u>, Case No. 8:14-cv-2217-CEH-EAJ, (Doc. # 5) (M.D. Fla. September 9, 2014). This third attempt to remove the action is similarly untimely.

Furthermore, as the parties agree, a final judgment of foreclosure was entered in the state court action in 2015 and affirmed by the Second District Court of Appeal in 2020. (Doc. # 6 at 3-4; Doc # 13 at ¶¶ 7, 9). Because federal district courts lack jurisdiction to review final state court decisions, removal is also improper for this reason. <u>See</u> <u>Dale v. Moore</u>, 121 F.3d 624 (11th Cir. 1997) ("It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision."). Therefore, this Court lacks subject matter jurisdiction, and the case is remanded to the Twelfth Judicial Circuit, in and for Manatee County, Florida.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Wells Fargo Bank, N.A.'s Motion for Remand (Doc. # 6) is **GRANTED**.

(2) The Clerk is directed to **REMAND** this case to the Twelfth Judicial Circuit, in and for Manatee County, Florida.

(3) The Clerk is further directed to terminate any previously scheduled deadlines and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of February, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE